IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| ARMANDO PLIEGO GONZALEZ, ) <br> SECOND AMENDMENT FOUNDATION, INC., ) <br> and NEBRASKA FIREARMS OWNERS ASSOCIATION, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v.  ) <br> ) <br> CITY OF OMAHA, NEBRASKA, a municipal ) <br> corporation, JIM SUTTLE, individually and in his ) <br> official capacity as Mayor of Omaha, Nebraska, ) <br> and ALEX HAYES, individually and in his official ) <br> capacity as Chief of Police of Omaha, Nebraska, ) <br> ) <br> Defendants. ) | Case No. |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, ARMANDO PLIEGO GONZALEZ (hereinafter "PLIEGO"), SECOND AMENDMENT FOUNDATION, INC. (hereinafter "SAF"), and NEBRASKA FIREARMS OWNERS ASSOCIATION (hereinafter "NFOA"), through their attorney, hereby allege as follows:

**NATURE OF ACTION**

1. This is an action pursuant to 42 U.S.C. § 1983, which seeks equitable, declaratory, and injunctive relief challenging the City of Omaha, Nebraska's bar on non-citizens from registering a handgun pursuant to Omaha Municipal Code § 20-253(b)(9).

**PARTIES AND JURISDICTION**

2. PLIEGO is a resident of Omaha, Nebraska, and is a resident alien lawfully admitted into the United States for permanent residence. He is a member of both SAF and NFOA.

3.  SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington.  SAF's membership includes lawfully admitted aliens residing in Omaha, Nebraska.  SAF has over 650,000 members and supporters nationwide, including more than one thousand in the City of Omaha, Nebraska.  The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms.  SAF brings this action on behalf of itself and its members.

4.  NFOA is an organization incorporated under the laws of Nebraska with its principal place of business in Syracuse, Nebraska.  The purposes of NFOA include education, political lobbying and legal action focusing on the Constitutional right privately to own and possess firearms in Nebraska.  NFOA brings this action on behalf of itself and its supporters, which include lawfully admitted aliens residing in Omaha, Nebraska.

5.  Defendant JIM SUTTLE (hereinafter "MAYOR SUTTLE") in his official capacity as Mayor of Omaha, Nebraska, is responsible for executing and administering the City of Omaha's laws, customs, practices, and policies.  In that capacity, MAYOR SUTTLE is presently enforcing the laws, customs, practices and policies complained of in this action, and is sued in both his individual and official capacities.

6.  Defendant ALEX HAYES (hereinafter "CHIEF HAYES") in his official capacity as Chief of Police of Omaha, Nebraska, is responsible for enforcing the City of Omaha's laws, customs, practices, and policies.  In that capacity, CHIEF HAYES is presently enforcing the laws, customs, practices and policies complained of in this action, and is sued in both his individual

and official capacities.  Specifically, CHIEF HAYES is the authority charged with issuing handgun registration permits to residents of Omaha and is located in the same.

7.      Jurisdiction is founded on 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, and under 28 U.S.C. § 1343(3) in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the City of Omaha, Nebraska of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

8.      This action seeks relief pursuant to 28 U.S.C. §§ 2201-2202 and 42 U.S.C. §§ 1981(a), 1983. Venue lies in this district pursuant to 28 U.S.C. § 1391.

**STATUTORY BACKGROUND**

9.      The Nebraska State Constitution states that: "All persons are by nature free and independent, and have certain inherent and inalienable rights; among these are life, liberty, the pursuit of happiness, and the right to keep and bear arms for security or defense of self, family, home, and others, and for lawful common defense, hunting, recreational use, and all other lawful purposes, and such rights shall not be denied or infringed by the state or any subdivision thereof." Nebraska Constitution art. 1, sec. 1.

10.     However, in Omaha, lawfully admitted aliens with a Resident Alien Permit may not register a handgun, which falls under Omaha's definition of "concealable firearm."  This prohibition applies even if the lawfully admitted alien intends to possess the handgun only in his home, and not concealed in public.  Omaha Municipal Code §§ 20-191, 20-253.

11.     If an Omaha resident purchases a handgun in Omaha, the place of purchase will not give the purchaser the handgun.  Rather, the place of purchase will issue a receipt, which

3

the purchaser must show the Omaha Police Department when submitting an application for a registration permit for the handgun. If the permit is granted, the purchaser will take the permit and receipt back to the store to take possession of the handgun. If the permit is denied, presumably the purchaser will be able to obtain a refund from the place of purchase.

12.   If an Omaha resident purchases a handgun outside of Omaha, the resident must take the handgun to the Omaha Police Department when applying for the aforesaid registration permit. If the permit is denied, the Omaha Police will keep the handgun unless the denied applicant properly transfers ownership to one who resides outside of Omaha or who can obtain a registration permit from the Omaha Police Department. If neither of these options are possible, the denied applicant cannot even retrieve the firearm to return it to the place of purchase for a refund.

**STATEMENT OF FACTS**

13.   Plaintiff, PLIEGO, became a permanent resident alien of the United States on or about October 9, 2008. Prior to approval of his application of permanent residency, submitted April of 2001, PLIEGO resided in the United States as a lawfully admitted alien. Prior to residing in Omaha, PLIEGO lived in Mexico.

14.   PLIEGO works in construction, specifically with concrete. His wife has been in Omaha since 1999 and is also a lawful permanent resident. She is a housecleaner and has had her own cleaning business since 2007. PLIEGO and his wife have four children, one graduated college from St. Mary's College in Omaha, one graduated from Creighton University, one is attending Doane College in Crete, Nebraska, and the fourth is in high school in Omaha.

15.     PLIEGO was and continues to be extremely concerned about the self-defense of his person and his family.  His home was invaded and robbed in 2010.  Omaha's prohibition on registration of handguns by non-citizens, even those legally in the United States like PLIEGO, significantly limits PLIEGO's ability to protect himself and his family in the event of violence.

16.     PLIEGO has complied with all requirements of R.R.S. Neb. §§ 69-2401 through 69-2425, and was awarded a permit to purchase a handgun.

17.     In or about June, 2011, PLIEGO visited the Omaha Police Department to register a firearm that he legally purchased pursuant to Nebraska state law.  PLIEGO provided proof of purchase and all required documentation.

18.     PLIEGO applied to register a handgun for immediate self-defense of his person and family.

19.     During the application process PLIEGO disclosed that he was a permanent resident alien.  PLIEGO was then denied his firearm registration by the Omaha Police Department for the reason that he was not a United States citizen, and is therefore prohibited from registering a handgun under the Omaha Municipal Code.  The Omaha Police Department gave him a written confirmation of the denial for this reason.

20.     PLIEGO has been denied the ability to legally register and possess a handgun for immediate self-defense by the Defendants.

### COUNT I – VIOLATION OF EQUAL PROTECTION
### (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)

21.     Paragraphs 1 through 20 are realleged and incorporated herein by reference.

22.     The citizenship requirements contained in O.M.C. § 20-253(b)(9) and all other Omaha statutory language, which restrict lawfully admitted aliens firearms rights and privileges

5

based on citizenship, on their face and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

### COUNT II – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

23. Paragraphs 1 through 22 are realleged and incorporated herein by reference.

24. The citizenship requirements contained in O.M.C. § 20-253(b)(9), and all other Omaha statutory language, which restrict lawfully admitted aliens firearms rights and privileges based on citizenship, on their face and as applied, violate the Plaintiffs' individual right to possess a handgun as secured by the Second Amendment to the United States Constitution.

### COUNT III – FEDERAL PREEMPTION

25. Paragraphs 1 through 24 are realleged and incorporated herein by reference.

26. The federal government has, through its enumerated and implied constitutional powers, the exclusive authority over United States immigration policy.

27. O.M.C. § 20-253(b)(9) is an effort by the Defendants to regulate immigration by denying non-citizens their Second and Fourteenth Amendment rights.  As such, O.M.C. § 20-253(b)(9) is preempted by federal immigration law, is unconstitutional, and is invalid.

### FOR ALL COUNTS

28. Paragraphs 1 through 27 are realleged and incorporated herein by reference.

29. A controversy exists as to whether the citizenship requirements contained in O.M.C. § 20-253(b)(9) is unconstitutional.

30. A declaration from this Court would settle this issue.

31. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

32. The Plaintiffs seek a declaration that the citizenship requirements contained in O.M.C. § 20-253(b)(9) is unconstitutional.

33. In the absence of an injunction, the citizenship requirements of O.M.C. § 20-253(b)(9) would continue to be enforced and would prevent PLIEGO, SAF's lawfully admitted alien members residing in Omaha, and NFOA's lawfully admitted alien supporters residing in Omaha from (1) successfully registering an otherwise legal handgun and/or (2) possessing a handgun.

34. The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

35. There is no adequate remedy at law because only an injunction would allow PLIEGO, SAF's lawfully admitted alien members residing in Omaha, and NFOA's lawfully admitted alien supporters residing in Omaha the opportunity to obtain a permit to register a purchased handgun for possession.

WHEREFORE, Plaintiffs pray that this Honorable Court:

1. Issue preliminary and permanent injunctions (a) enjoining Defendant Mayor Jim Suttle and Chief of Police Alex Hayes from enforcing the United States citizenship requirement of Omaha Municipal Code § 20-253(b)(9) against the Plaintiffs and/or their members; and

2. Enter the following:

(a)     A declaratory judgment that Omaha Municipal Code § 20-253(b)(9) and all other Omaha, Nebraska code language, which restricts lawfully admitted aliens firearms rights and privileges based on citizenship, are null and void because they (1) violate the equal protection of the laws guaranteed by the Fourteenth Amendment to the United State Constitution; and (ii) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; and

(b)     Issue preliminary and permanent injunctions against the Defendants and their political subdivisions, including officers, agents, and employees thereof, from enforcement of Omaha Municipal Code § 20-253(b)(9) and all other Omaha, Nebraska code language, which restrict lawfully admitted aliens firearms rights and privileges based on citizenship.

3.     Award Plaintiffs' attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4.     Grant such other and further relief, in law and equity, as the Court deems just and proper.

Dated: September 27, 2011          Respectfully submitted,

David G. Sigale, Esq. (#6238103 (IL))      Bernie Glaser, Esq. (#11521 (NE))
LAW FIRM OF DAVID G. SIGALE, P.C.      GLASER LAW
739 Roosevelt Road, Suite 304         411 South 13th Street, Suite 327
Glen Ellyn, IL 60137               Lincoln, NE 68508
630.452.4547                  (402) 435-4411
dsigale@sigalelaw.com             Bernieglaser@windstream.net
*Pro hac vice* Application Pending

                         By: _____/s/ Bernie Glaser_____
                                 Bernie Glaser

                         Attorneys for Plaintiffs