person who has caused any such vehicle to be towed in violation of such state laws or who has failed to take the requisite measures concerning signs, notice or other acts which precede or follow the towing of said vehicle, to fail to release said vehicle, in conformity to state law, to its lawful owner, lessee or other person entitled to possession of the same.

This section shall not apply to the towing of any motor vehicles as follows: (a) towed as the result of any order issued by any court of competent jurisdiction, (b) towed by any government agency where the parking or storage of such vehicle constituted a nuisance and the lawful procedures respecting the towing of such vehicle as a nuisance have been followed, and (c) towed in response to the order of any law enforcement officer, (i) because said vehicle came to a resting place on private property following a traffic accident, or (ii) where such vehicle is being seized as evidence or incident to the arrest of its operator or occupants.

As used in this section the expression "towing", and its other forms, refers to the act of removing a motor vehicle by any means other than the use of its own engine started by the permitted use of its own ignition key.

(b) It shall be unlawful for any person to charge a towing fee, administrative fee, storage fee, or other related fee exceeding the maximum fees provided in this section, for the towing or storage of a motor vehicle removed from private property without the consent of the motor vehicle owner, lessee or other authorized operator pursuant to subsection (a) herein. The maximum fees to be charged by a person performing such a non-consensual tow shall be $150.00 per vehicle towed, plus a maximum administrative fee of $25.00 per vehicle towed. The maximum fee to be charged by a person for the storage of a motor vehicle held after such a non-consensual tow shall be $15.00 per day, per motor vehicle. The city council shall review the said maximum fees once every two years from the effective date of this ordinance. The amounts of the maximum fees set forth in this section may be revised, on a uniform basis, by resolution of the city council.
(Ord. No. 35815, § 1, 1-8-02; Ord. No. 35977, § 1, 6-18-02; Ord. No. 36589, § 1, 4-20-04)

### Sec. 20-164. Remaining on Lewis and Clark Landing.

It shall be unlawful for any person purposely or knowingly to enter or remain upon the property known as "Lewis and Clark Landing" between the hours of 2:00 a.m. and 5:00 a.m.
(Ord. No. 36285, § 1, 6-3-03)

Secs. 20-165—20-190. Reserved.

## ARTICLE VII. WEAPONS*

### DIVISION 1. GENERALLY

### Sec. 20-191. Definitions.

For the purposes of this article, the following words and phrases shall have the meanings respectively ascribed to them:

*Concealable firearm:* A firearm having a barrel less than 18 inches in length.

*Firearm:* Any instrument which releases a projectile by means of an explosive charge.

*Machine gun:* Any firearm which shoots, is designed to shoot, or can be readily restored to shoot automatically more than one shot without manual reloading by a single function of the trigger. The term shall also include the frame or receiver of any such weapon, any combination of parts designed and intended for use in converting a weapon into a machine gun, and any combination of parts from which a machine gun can be assembled if such parts are in the possession or under the control of a person.

*Paint ball gun:* Any gun which releases a paint ball propelled by spring mechanism or compressed gas.

*Stun gun:* Any hand-held electronic device that is powered by an internal power source, such as batteries, and that is capable of introducing an

---

*Cross references—Possession of weapons during civil emergencies, § 8-85; firearm dealers, § 19-361 et seq.; discharging fireworks, possession of firearms in park, § 21-9; disposition of confiscated firearms, § 25-6.
    State law references—Regulation of weapons, R.R.S. 1943, § 14-102(6); handguns, R.R.S. 1943, § 69-2401 et seq.

I hereby certify that the foregoing is a true and correct copy of the original document now on file in the City Clerk's Office.
Buster Brown, City Clerk, City of Omaha

Plaintiff's Exhibit 1, Page 1

electrical current into the body of a person which when introduced shall be capable of disrupting a person's central nervous system and rendering him/her temporarily incapable of normal functioning. The electrical current may be introduced into the human body by means of direct pressure to the body from fixed electrodes on the electronic device and/or one or more electrodes attached to a length of wire and which, upon being fired from a firearm or mechanical device, strikes the human body.

*Weapon:* A firearm, stun gun or any other instrument the use of which is intended or likely to cause death or bodily injury.
(Code 1980, § 20-191; Ord. No. 36361, § 1, 8-19-03)
   **Cross reference**—Definitions and rules of construction generally, § 1-2.

### Sec. 20-192. Carrying concealed weapon.

It shall be unlawful for any person except an authorized law enforcement officer purposely or knowingly to carry a weapon concealed on or about his person. On or after January 1, 2007, any person possessing a lawful permit issued by the State of Nebraska authorizing the carrying of concealed handguns shall be permitted to carry such a concealed handgun in the City of Omaha as permitted by state law.

(a) In any violation where the concealed weapon is a concealable firearm, any sentence shall include a minimum jail sentence of 30 days.

(b) Any person convicted under this section where the concealed weapon is not a concealed firearm shall be punished as provided in section 1-10.

(Code 1980, § 20-192; Ord. No. 37432, § 1, 7-18-06; Ord. No. 38294, § 1, 11-18-08)

### Sec. 20-193. Confiscation.

As a part of the judgment of conviction of any person under this article, confiscation and destruction of the weapon shall be ordered by the court provided, in cases where the gun in question was reported stolen to the appropriate law enforcement agency, it shall be ordered returned to the lawful innocent owner if claimed by such person prior to the conviction. *Claimed,* as used herein means reporting a missing weapon by serial number or other identifiable marking to the appropriate law enforcement agency and then possessing a legal registration for the same weapon.
(Code 1980, § 20-193; Ord. No. 33113, § 2, 11-23-93; Ord. No. 37834, § 1, 8-28-07)

### Sec. 20-194. Protection as defense.

It shall be a sufficient defense for any person charged under this article to show that he was engaged in a lawful business, calling or employment and the circumstances in which he was placed at the time were such as to justify a prudent person carrying a weapon for his own defense or the defense of his family or property.
(Code 1980, § 20-194)

### Sec. 20-195. Possession or transportation of firearms.

(a) It shall be unlawful for any person to knowingly or purposely transport in any conveyance or in any other manner, or to possess off his own premises, any rifle, shotgun, air gun, air rifle, paint ball gun or machine gun unless the same is unloaded and contained in any enclosed gun case, or unloaded and broken down. The removal of the bolt from any such firearm or carrying the same in a holster type gun case without further breaking down such firearm shall not be deemed to be in compliance with the requirements of this section.

(b) The provisions of this section shall not be applicable to:

(1) Authorized law enforcement officers;

(2) The armed forces of the United States, including ROTC units and the National Guard in the performance of their duties;

(3) The carrying of unloaded and uncased rifles in parades or using rifles in ceremonials;

(4) The possession of rifles, machine guns, or shotguns at shows or exhibits; or

(5) Any other lawful use, purpose or activity, including but not limited to skeet and trap shooting, target shooting at rifle

Plaintiff's Exhibit 1, Page 2